```
                     UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Abdull Shaikh Shabaz

   v.                                          Civil No. 14-cv-360-SM

Manchester Police Department and
Manchester Police Officer John Doe


### REPORT AND RECOMMENDATION

Before the court is the complaint (doc. no. 1), filed by Abdull Shaikh Shabaz, an inmate in pretrial detention proceeding pro se and in forma pauperis in this action. The matter is before the court for preliminary review, pursuant to LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

### Preliminary Review Standard

Pursuant to 28 U.S.C. § 1915A(b), the court may dismiss one or more claims asserted in Shabaz's complaint, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, or the action is frivolous or

malicious.  See 28 U.S.C. § 1915A(b).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes all reasonable inferences in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

Shabaz is an African American inmate in pretrial detention at the Hillsborough County Department of Corrections, awaiting prosecution on charges arising from his arrest by the Manchester Police Department ("MPD") in July 2014.  Those charges arose out of a report that Shabaz alleges his neighbor Kenneth Gill filed with the MPD.

Shabaz alleges that sometime between August 2013 and May 2014, Gill stole Shabaz's air conditioner and chair.  Shabaz further alleges that Gill falsely reported to the MPD that

Shabaz had threatened Gill with a walking stick.  On July 21, 2014, Shabaz alleges, two MPD officers approached Shabaz and arrested him as he was sitting in his apartment's garden, stating that they had received a complaint from Gill and Gill's girlfriend that Shabaz had threatened and was stalking Gill.

Shabaz asserts that Gill is a member of the "Son[s] of Anarchy" motorcycle club, and that Gill is a racist who hates African Americans.  Shabaz alleges that the MPD has refused to investigate Gill for his racist conduct.

Shabaz further asserts that the MPD discriminates against African-Americans in its policies concerning arrests.  Shabaz asserts claims under 42 U.S.C. § 1983 against the MPD and an unidentified "John Doe" MPD officer.

**Discussion**

I.   Arrest

Shabaz alleges that Gill's false statements led to Shabaz's arrest and incarceration.  In general, an arrest is lawful if the police officer has probable cause.  Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009).  A victim's statements are "'generally considered sufficiently reliable to support a finding of probable cause.'"  Id. at 505 (citation

omitted). Shabaz has failed to state any facts showing that any MPD officer involved in arresting Shabaz knew that the information Gill provided to the police was false. Therefore, the facts alleged in the complaint (doc. no. 1) fail to state a false arrest claim that is actionable under § 1983.

II. Failure to Investigate Gill

Shabaz asserts that the MPD has violated Shabaz's Fourteenth Amendment rights by failing to investigate or prosecute Gill for "practic[ing] hatred" against African Americans, and for crimes Shabaz believes are racially motivated. Shabaz, however, cannot base a § 1983 due process claim on those facts. Cf. B & B Entm't, Inc. v. Dunfee, 630 F. Supp. 2d 870, 877 (S.D. Ohio 2009) (citing DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200 (1989), and Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Accordingly, the due process claim should be dismissed.

III. Equal Protection

Shabaz asserts that the MPD treats African Americans and Caucasians differently, and arrests African Americans without

4

cause, because of their race.  Shabaz contrasts the MPD's refusal to investigate or arrest Gill with its arrest of Shabaz. To state an equal protection claim, a plaintiff must allege facts to show that he was treated differently than others similarly-situated, and that the reason for any different treatment was discrimination on the basis of race.  See LeBaron v. Spencer, 527 F. App'x 25, 32 (1st Cir. 2013).  The facts alleged in the complaint regarding Gill and Shabaz, however, do not show that those men are alike in pertinent respects, or that race discrimination was the reason why Gill and Shabaz were treated differently.  Stripped of legal conclusions, the complaint fails to state a claim that the MPD discriminates against African Americans like Shabaz because of their race. Accordingly, the equal protection claims should be dismissed.

## Conclusion

For reasons stated herein, the district judge should dismiss the complaint (doc. no. 1) in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's

order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                         /s/ Andrea K. Johnstone
                                          Andrea K. Johnstone
                                          United States Magistrate Judge

October 1, 2014

cc: Abdull Shaikh Shabaz, pro se